IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PRINCE ADVANCE FUNDING, LLC
d/b/a PRINCE ADVANCE

    Plaintiff,

vs.

Case No. 0:23cv60026

LIZZANO AUTOMOTIVE GROUP, LLC;
D/B/A SUNSHINE MOTORS;
KAI TYLER KISSEADOO;
EDGAR C. PERDOMO;
ASARE HOLDINGS, LLC;

    Defendants.
_____/

## **COMPLAINT**

Plaintiff Prince sues the Defendants as follows:

1. Plaintiff's members are individuals, domiciled in and citizens in New York per 28 U.S.C. § 1332.

2. Defendants Kissedo and Perdamo are domiciled in and citizens of Florida, the sole members of Defendant Lizzano per § 1332. Kisseado is the sole member of Defendant Asare.

3. Per 28 U.S.C. § 1332, jurisdiction exists in this case based on diversity of citizenship between the parties. The sum in controversy exceeds $76,000.00, such as relief in law or equity. The case concerns debt, property and relief valued over $76,000.00, including damages and fees recoverable by contract/statute. Per § 1367, jurisdiction exists over all claims.

4. Defendants are related to each other and bound by the Loan, resulting in the Judgment, per their ratification of both, common ownership of each business at issue, property secured by the debtor or misconduct in which they participated. It was foreseeable they are subject to the debt at issue.

1

## The Parties

5. This matter involves Lizano Automotive Group, LLC, formed with the Fla. Secretary of State in 2013. Its sole disclosed owner and officer is Kai Tyler Kisseadoo.

6. Lizano also does business as Sunshine State Motors, apparently operated from 5061 S. State Road 7, Suite 603, Davie FL 33314 or 4970 SW 52nd Street, Suite 302, Davie FL 33314.

7. Lizano has an additional owner or manager, Edgar C. Perdomo, who is paid from the property and assets of this business from which he benefits. Perdomo was in this role at all times relevant, whose status in this regard was unchanged at least to 08/03/22 as shown by www.sunbiz.org.

8. Lizano maintains bank accounts thorough BOA, Space Coast Credit Union and Citibank CBO. It has many social media accounts. Its website is down indicating potential financial issues. www.sunshinestatemotors.com. It still sells automobiles from which the individual Defendants profit.

9. Kisseado also owns Defendant Asare, formed on or about 01/11/21, as shown by www.sunbiz.org, which is likewise subject to this action.

10. At all times relevant, Defendants acted on behalf of and within the scope of their agency for Kisseado for the misconduct at issue, for which Defendants are liable which they ratified.

11. Defendants conduct their auto or other business as an enterprise, sharing its name, offices, staff, property, assets, ownership, management and finances. They have authority to act for each other on the transactions, acts and omissions at issue

12. Lizzano applied for a commercial Loan [Loan] at Plaintiff's office, whose agents including Kisseado, upon information, represented in the application that they could bind Lizzano, had the ability and intent to comply with the Loan, whose application information was truthful, upon which Plaintiff materially relied in providing the Loan, which Defendants ratified.

### The Commercial Loan

13. This matter involves a merchant cash advance commercial loan dated 11/29/21. Plaintiff paid the sum of $250,000.00 to purchase receivables from Lizano valued at $374,750.00, to be collected by debiting 20% of the receipts from Lizzano's bank account until the full purchase price was received. Lizano executed a commercial note and Kisseado executed a guaranty evidencing the Loan. The Loan creates a security interest in the receivables of Lizano [Agreement Para. 33].

14. The Note was governed by New York law [Agreement Para 39] and had a forum clause for New York but any resulting judgment may be enforced in a jurisdiction of Prince's choice [Agreement Para 40] particularly given the resulting Judgment.

15. Kisseado owns residential property at 818 S.E. 4th Street, Unit 404, Fort Lauderdale Florida 33301 and Lizzano rents property at 4970 SW 52nd Street, Davie FL 33314.

16. Upon information, all Defendants benefited from the funds evidenced by the Loan.

### The Prior Action by Plaintiff to Enforce the Loan.

17. On 06/02/22, Prince obtained a default Arbitration Judgment in New York against Lizano and Kisseadoo for $377,539.57, which did not include equitable relief. It may be enforced here.

18. The Judgment is the unconditional legal obligation of Lizzano and Kisseadoo, with all others who become liable for its amounts due, who are named in this action.

19. The other defendants are liable on an alter-ego or successor liability claim, due to their connection with Lizzano, who appear to be operating the same or related business as Lizzano, under a common owner or other business arrangement.

20. Upon information, the Defendants operate as an enterprise as detailed above or as a partnership, co-mingle, control and share their profits and losses in which they make contributions, or conduct their business, deriving from Lizzano, their alter-ego, whose corporate formalities are

disregarded, which is undercapitalized and cannot satisfy its obligations, requiring its corporate veil be pierced to avert this fraud in the interests of Plaintiff's paramount equity as shown here.

21.  All conditions precedent to occurred, were fulfilled, waived or their occurrence or fulfillment were unnecessary or futile.

## COUNT I: ENFORCEMENT OF JUDGMENT AS TO ALL DEFENDANTS

22.  ¶ 1-21 are incorporated.

23.  Plaintiff may enforce the Judgment here as Federal and Florida law permit enforcement of arbitration judgments in a court, with the same effect as a domestic judgment, with a suit to enforce the judgment, given this amount, against parties who obtained their money and property.

24.  The Court has broad discretionary powers to subject property rights of a defendant in execution, however fraudulently covered up, or concealed, whether in the name or possession of third parties or not, to satisfy the Judgment.

25.  The Court may confirm and enforce the Judgment under Fla. Stat. U.S.C. § 682.12. The Court may then enforce the judgment as to Lizzano and Kissedo and the other Defendants, who are subject to the Judgment, who obtained their money and property, which will be presumed fraudulent if done within a year prior to this action. See Fla. Stat. § 56.29.

26.  Plaintiff requests enforcement and recognition of its Judgment as to all Defendants by the Court, entering judgment on its balances as to these Defendants, granting all just relief.

## COUNT II: BREACH OF FIDUCIARY DUTY AS TO ALL DEFENDANTS

27.  ¶¶ 1-21 are incorporated.

28.  Lizzano is presumed insolvent, per its default on the Loan and other debts as they came due, its debts exceed its assets and was insolvent at the time of the misconduct at issue, at least since the filing of the Arbitration Case and entry of that Judgment.

29. Defendants perpetuated Lizzano to loot it, rendering it insolvent, incurring debt it could not satisfy such as the Judgment, misusing its property and assets for their benefit.

30. Kisseado and Perdomo had fiduciary duties as Lizzano's managers, owners or officers to conserve and manage its property and assets in trust, to benefit its creditors, to pay Plaintiff, at least after its insolvency, which they should not dissipate, precluding satisfaction of the Judgment to benefit themselves, such as salaries and other benefits while ignoring their debts.

31. Kisseado breached his duties by misusing, transferring, disposing of, dissipating and looting Lizzano's property and assets, after its insolvency to wrongfully and preferentially pay and benefit himself and the other Defendants, while refusing to satisfy the Judgment.

32. The misconduct of Kisseado proximately and actually damaged Plaintiff, wrongfully precluding Lizzano's satisfaction of the Judgment, by his misuse/disposal of its property and assets.

33. The other Defendants aided, abetted and procured Kisseado's misconduct, in which they participated, who benefitted by unjustified payments from Lizzano during its insolvency, dissipating its property and assets during the arbitration case, knowing of these issues.

34. Upon information, Perdomo obtained a refinance loan for about $1,600.000.00 based at least in part of his alleged ownership interest in Lizzano.

35. Defendants engaged in and conspired to engage in their campaign of misconduct to unjustly enrich themselves with Lizzano's property and assets, by their deliberate, continuing acts and omissions, to frustrate enforcement of the Judgment, to which Plaintiff was entitled but was deprived.

36. Defendants acted with actual or implied malice, with willful, wanton misconduct that was reckless, in callous disregard of Plaintiff's rights, who were unjustly enriched as a result.

37. Plaintiff demands judgment as to the Defendants for compensatory, consequential, special, nominal and punitive damages, of at least $100,000.00 for their torts, just relief such as its other remedies, including disgorgement of all monies of Lizzano paid them since the debt was

incurred, holding them jointly liable for the debt, for which their property and assets are secured as collateral, as a secured or equitable lien, constructive trust or like relief under 28 U.S.C. § 2201.

### COUNT III:  CONSPIRACY AND RELATED RELIEF AS TO ALL DEFENDANTS

38. ¶¶ 1-21 are incorporated.

39. Defendants had a conspiracy, a common design to commit their torts at issue, each sharing an intent and knowledge to accomplish this goal by concerted action by unlawful purposes and/or lawful purposes by unlawful means: namely their torts at issue.

40. Defendants committed overt acts to further their tortious conspiracy, including but not limited to, their misconduct directed against Plaintiff in the Prior Action and at Plaintiff's office.

41. Defendants made agreements to perform separate aspects of their illegal conspiracy in concert, and divide compensation generated from their scheme among themselves.

42. Defendants consented to, benefited from and ratified all misconduct at issue.

43. Plaintiff was proximately and actually damaged by this conspiracy of Defendants whose bad-faith misconduct was willful, knowing and illegal, which they ratified.

44. Plaintiff demands judgment as to Defendants for their conspiracy of misconduct, for compensatory, consequential, special and nominal damages and all other just relief.

45. Defendants are not minor(s) or adjudged incompetent; were not in the military for the last 30 days and not subject to protection per 50 U.S.C. § 3901.

Respectfully submitted this 6th day of January 2022.

By:  /s/Paul G. Wersant
Paul G. Wersant
Florida Bar No. 48815
3245 Peachtree Parkway, Suite D-245
Suwanee, Georgia 30024
Telephone: (678) 894-5876
Email: pwersant@gmail.com
Attorney for Plaintiff