IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE No. 23-60026-CIV-ALTMAN/HUNT

PRINCE ADVANCE FUNDING, LLC
d/b/a PRINCE ADVANCE

                    Plaintiff,

vs.

LIZZANO AUTOMOTIVE GROUP, LLC;
D/B/A SUNSHINE MOTORS;
KAI TYLER KISSEADOO;
ASARE HOLDINGS, LLC;

                    Defendants
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon a Motion for Default Judgment ("Motion"). ECF No. 12. The Honorable Roy K. Altman referred this Motion to the undersigned for a report and recommendation. ECF No. 20. *See also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Defendants have not responded or otherwise answered the Complaint. Having considered the Motion, and being otherwise advised in the premises, the Court hereby recommends the Motion be GRANTED IN PART and DENIED IN PART for the reasons outlined below.

## BACKGROUND

Plaintiff on January 7, 2023, filed a Complaint, ECF No. 1, seeking to enforce a default Arbitration Judgment obtained in New York against Defendants Lizzano Automotive Group, LLC, ("Lizzano"), and its owner, Kai Kisseadoo. In the Complaint, Plaintiff also sought to have the agreement enforced against Edgar Perdomo, who was allegedly a fellow Lizzano owner or manager, as well as Asare Holdings, LLC, ("Asare")

a business owned by Kisseadoo. Lizzano, Kisseadoo, and Asare were served with a copy of the Complaint and Summons on January 24, 2023. ECF Nos. 6-8. Defendants have so far failed to file a responsive pleading.

Plaintiff on February 20, 2023, filed a Motion for Clerk's Default, ECF No. 9, and the Clerk of Court filed an Entry of Default on February 21, 2023. ECF No. 10. Plaintiff then on March 7, 2023, moved for entry of a Final Default Judgment for Plaintiff against Defendants. ECF No. 12. The Court on June 14, 2023, dismissed the case due to a failure to comply with Court orders. ECF No. 17. On August 28, 2023, following a Consent Motion to Alter or Amend the Court's Order, ECF No. 18, the Court vacated the prior Order dismissing the case, dismissed Perdomo as a Defendant, and allowed Plaintiff's Motion to proceed against Defendants Lizzano, Kisseadoo, and Asare. ECF No. 19. The Motion is now ripe for consideration.

## LEGAL STANDARD

The Court may enter default judgment "against a defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue." *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986). Entry of default judgment is warranted where there is a sufficient basis in the pleadings for the judgment to be entered. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). "The standard for entry of default judgment is 'akin to that necessary to survive a motion to dismiss for failure to state a claim . . . [so] a motion for default judgment is like a reverse motion to dismiss for failure to state a claim.'" *Substation Enters., Inc. v. Sayers Constr.*, *LLC*, No. 6:21-CV-1634-DCI, 2023 WL 23101, at *1 (M.D. Fla. Jan. 3, 2023) (quoting *Surtain*, 789 F.3d at 1245).

2

As the result of a defendant's default, the well-pleaded allegations in the complaint are deemed admitted and taken as true.  *See Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (per curiam) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see also* Fed. R. Civ. P. 8(b)(6).  If the plaintiff's claims are for a sum made certain by affidavit, the Clerk of Court "must enter judgment for that amount." Fed. R. Civ. P. 55(b)(1).  "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Sevares v. Am. Pipeline Constr., LLC*, No. 22-21233-CIV-MOORE, 2023 WL 3191256, at *2 (S.D. Fla. May 2, 2023) (citations omitted).

## ANALYSIS

Plaintiff seeks to confirm and enforce the Arbitration Judgment under Fla. Stat. § 682.12 and to conduct proceedings against Lizzano, Kisseadoo, and Asare under Fla. Stat. § 56.29.  ECF Nos. 1 at 4, 12 at 2.   The Court first addresses the rather straightforward request to confirm the arbitration award.

As part of the Federal Arbitration Act,[1] "9 U.S.C. § 9 provides, in relevant part, that any party to arbitration may apply to the court for an order confirming an arbitration award within one year after the award is made." *Wachovia Sec., LLC v. Fink*, No. 07-80575-MC-HURLEY/JOHNSON, 2007 WL 9747559, at *2 (S.D. Fla. Nov. 14, 2007), *report and*

---

[1] The undersigned notes "that the relevant provisions of the FAA and the Florida Arbitration Code are substantially identical." *Franskousky v. Morgan Stanley Smith Barney LLC*, No. 3:14-CV-878-J-32JRK, 2014 WL 7224462, at *2 n.3 (M.D. Fla. Dec. 17, 2014) (citing 9 U.S.C. §§ 9–11, Fla. Stat. §§ 682.12–14.)

*recommendation adopted sub nom. Wachovia Sec., LLC v. Fink*, No. 07-80575-MC-HURLEY/JOHNSON, 2008 WL 11468218 (S.D. Fla. Jan. 9, 2008). "The court must confirm the award unless the award is vacated, modified, or corrected under Sections 10 or 11." *Id*. (citing 9 U.S.C. § 9). "Pursuant to 9 U.S.C. § 12, [a Defendant] ha[s] three months from the [date of the] Arbitration Award in which to file a motion to vacate, modify, or correct the award." *Id.* "Similarly, under Fla. Stat. § 682.13, [a Defendant] ha[s] 90 days to file a motion to vacate, modify, or correct the award." *Id.* Additionally, a Defendant's failure to file a responsive pleading to a Motion to Confirm an Arbitration Award provides grounds for granting the Motion by default. *Id.* (citing Fed. R. Civ. P. 12(a); S.D. Fla. L.R. 7.1C).

The threshold requirements to confirm the award have been met. The arbitration judgment was issued on June 2, 2022. ECF No. 12-2. Plaintiff filed this action on January 7, 2023, well within the one-year requirement. There have been no attempts to vacate, modify, or correct the judgment, and the time to do so has passed.

Once the initial requirements of 9 U.S.C. § 9 are met, venue and jurisdiction must be examined. *Webusenet, Inc. v. Ringdahl*, No. 05-80063-CIV-HURLEY/HOPKINS, 2006 WL 8445640, at *2 (S.D. Fla. June 6, 2006), *report and recommendation adopted in part,* No. 05-80063-CIV-HURLEY/HOPKINS, 2006 WL 8445639 (S.D. Fla. Aug. 24, 2006). Given that the Parties are diverse, with Plaintiff being domiciled in New York and Defendants in Florida, and the amount in controversy is $377,539.57, far more than the necessary $75,000, the Court has subject matter jurisdiction. *See* 28 U.S.C. § 1332; *Loral Corp. v. Swiftships, Inc.*, 77 F.3d 420, 422 (11th Cir. 1996), *cert. denied*, 519 U.S. 966 (1996) ("Subject matter jurisdiction for cases filed pursuant to § 9 of the [Federal

Arbitration] Act must be based upon either diversity of citizenship or the existence of a federal question.")

Further, the United States Supreme Court has held that a motion to confirm, vacate, or modify an arbitration award can be filed where the award was made or in any district where venue would be proper under the general venue statute. *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195 (2000). Given that all Defendants are residents of the state and Plaintiff has alleged Lizzano does business in Davie, Florida, venue is proper, per 28 U.S.C. § 1391(b)(1).

Turning to the merits, "judicial review of arbitration awards under the FAA is very limited." *Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 778 (11th Cir. 1993) (*citing Booth v. Hume Publ'g, Inc.*, 902 F.2d 925, 932 (11th Cir. 1990)). The only bases for vacating an award are:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).[2]

---

[2] The Eleventh Circuit has also provided that the award can be vacated on two non-statutory bases: "(1) where the award is arbitrary and capricious; or (2) where enforcement of the award would be contrary to public policy." *Bridgepoint Ventures, LLC v. Panam Mgmt. Grp., Inc.*, No. 10-60330-MC-JORDAN, 2010 WL 11506485, at *1 (S.D. Fla. Dec. 10, 2010), *aff'd*, 459 F. App'x 871 (11th Cir. 2012) (citing *Brown*, 994 F.2d 775).

Plaintiff has attached a sworn affidavit and a copy of the arbitration judgment to this Motion.  ECF No. 12-1, 12-2.  Here, although the arbitration judgment came about by default, there is no evidence that any of the bases for vacating the award apply.  Defendants have also failed to file any responsive pleadings.  Plaintiff's motion should therefore be granted to the extent it seeks to confirm the arbitration judgment as to Lizzano and Kisseadoo.

There remains the issue of Plaintiff's request that the "claims against Asare . . . be construed as seeking leave to implead this party against which Plaintiff is entitled to enforce the Judgment under a theory of imputed liability under Fla. Stat. § 56.29 consistent with the relief as to the other Defendants."  ECF No. 12 at 3.  The undersigned construes this as a request to commence proceedings supplementary pursuant to Fed. R. Civ. P. Rule 69 and Fla. Stat. § 56.29 and implead Defendant Asare.  *See Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, No. 09-61436-CIV-SELTZER, 2014 WL 1047411, at *1 (S.D. Fla. Mar. 18, 2014).

This Court finds Plaintiff has adequately alleged Defendants, including Asare, have contrived to delay, hinder, or defraud creditors for the purposes of Fla. Stat. § 56.29.  Plaintiff alleges Defendant Kisseadoo is also the sole member and owner of Asare and that Defendants conduct their business as an enterprise—sharing offices, staff, property, assets, ownership, management, and finances.  ECF No. 1 at 1-2.  Plaintiff also alleges Defendants, including Asare, co-mingle, control, and share their profits and loss.  ECF No. 1 at 3-4.  Such actions have, Plaintiff alleges, caused Lizzano to be undercapitalized and thereby unable to satisfy its obligations.  ECF No. 1 at 3-4.  In the Motion for Default Judgment, Plaintiff elaborates, claiming "Defendants are jointly liable for the Judgment as

Asare benefitted from the underlying Loan, as Lizzano's alter-ego or successor, operating under their same auto business and common ownership, or as a partnership as they admitted." ECF No. 12 at 2 (citing ECF No. 1 at 3-4). Plaintiff has likewise made similar allegations in the affidavit accompanying its Motion. ECF 12-1. The undersigned finds such allegations adequate to justify impleading Asare. To the extent Plaintiff's Motion requests such relief, it should be granted.

However, Plaintiff's Motion should be denied to the extent that Plaintiff requests that the Court go further and enter a default judgment against Asare, as it does not appear from the docket that Plaintiff has completed the necessary notice requirements of Fla. Stat. § 56.29.[3] For instance, that statute requires that a Defendant brought in via proceedings supplementary "must be personally served [with a Court-issued Notice to Appear that] include[s] specific information designed to put the impleaded party on notice." *Yuetter-Beacham v. Med. Career Inst. of S. Fla., Inc.*, No. 15-80226-CIV-ROSENBERG/HOPKINS, 2017 WL 10775771, at *10 (S.D. Fla. Oct. 18, 2017). Under Fla. Stat. § 56.29(2), the Notice must "describe with reasonable particularity the property, debt, or other obligation that may be available to satisfy the judgment, must provide such person with the opportunity to present defenses, and must indicate that discovery as provided under the rules of civil procedure is available and that there is a right to a jury trial as provided in s. 56.18."

---

[3] A new version of this Fla. Stat. § 56.29 became effective July 1, 2023, but the applicable language remained the same.

Although the Court should grant Plaintiff's request to implead Asare, there are still steps that must be taken before a default judgment can be entered against that Defendant. Plaintiff's request to do so should, therefore, be denied.

### RECOMMENDATION

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion for Default Judgment, ECF No. 12, should be GRANTED IN PART and DENIED IN PART. The Motion should be granted to the extent it seeks to confirm the arbitration judgment as to Defendants Lizzano and Kisseadoo and implead Defendant Asare. It should otherwise be denied.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 28th day of September 2023.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All Counsel of Record