UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-60026-ALTMAN/Hunt

**PRINCE ADVANCE FUNDING, LLC**,
*d/b/a* **PRINCE ADVANCE**,

    *Plaintiff*,

v.

**LIZZANO AUTOMOTIVE GROUP, LLC**,
*d/b/a* **SUNSHINE MOTORS**, *et al.*,

    *Defendants*.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

On March 7, 2023, the Plaintiff filed a Motion for Default Judgment (the "Motion") [ECF No. 12]. On September 28, 2023, Magistrate Judge Patrick M. Hunt issued a report and recommendation, in which he suggested that we grant the Motion in part and deny the Motion in part. *See* Report and Recommendation ("R&R") [ECF No. 21] at 1. Magistrate Judge Hunt also issued the following warning:

> Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

*Id.* at 8. More than seven days have passed, and neither side has objected. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although

Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, we find no clear error on the face of the R&R. Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The R&R [ECF No. 21] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiff's Motion for Default Judgment [ECF No. 12] is **GRANTED in part** to the extent that it seeks to confirm the arbitration award as to Defendants Lizzano Automotive Group, LLC and Kai Kisseadoo under FLA. STAT. § 682.12 and to the extent it seeks to implead the Defendant Asare Holdings, LLC ("Asare"). The Motion is **DENIED in part** to the extent that the Plaintiff asks us to enter a default judgment against Asare, as the Plaintiff has not yet completed the necessary notice requirements under FLA. STAT. § 56.29.

3. Accordingly, by **October 27, 2023**, the Plaintiff shall file a proposed Notice to Appear in accordance with FLA. STAT. § 56.29(2).

**DONE AND ORDERED** in the Southern District of Florida on October 7, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record